MONROE COUNTY.—HON. W. D. SHUART, SURROGATE.—
July, 1880.

## LUTHERAN REFORMED CHURCH *v.* MOOK.

*In the matter of the final accounting of executors, &c., of* SAMUEL MOOK, *deceased.*

An interested party contesting the validity of a bequest to a voluntary unincorporated society is not estopped from denying the incorporation of the legatee by the fact that the testator, in his life-time, had dealt with the association, and had executed a conveyance of land to it for a valuable consideration.

ON the final accounting of the executors, the Evangelical Lutheran Reformed Church of Rush, N. Y., claimed to be entitled to receive a bequest of $1,000, given by the will to it under that designation. Objection was made by the next-of-kin that the said church was not a duly incorporated society at the date of the death of the testator, and was not therefore capable of taking a legacy. The legacy was in the following words:

Seventh. I give and bequeath unto the Evangelical Lutheran Reformed Church of the towns of Rush and Henrietta, of which I am now pastor, one thousand dollars, to be by the trustees of such church kept on interest as long as the church exists; and the interest to be paid annually to the preacher for the support of the gospel in said church; for which church a house is now being erected in the town of Rush.

The will bore date June 6, 1832, and was admitted to probate September 25, 1865. The Lutheran Church claiming the legacy was not regularly incorporated until the year 1870.

JOSEPH A. STULL, *for the legatee.*

JOHN M. DAVY, *for next-of-kin.*

THE SURROGATE.—The question presented in this case is whether the bequest to the Evangelical Lutheran Reformed Church is valid. Unless it had capacity to take this bequest at the time of the death of the testator, it must fail. The subsequent incorporation of the society could not divest vested rights. (White *v.* Howard, 46 *N. Y.,* 144.)

It seems to be well settled that a voluntary unincorporated association is incapable of taking a legacy under

the laws of this state. This question has very recently been decided in the case of the First Presbyterian Society v. Bowen, executor, and not yet reported. In the opinion, TALCOTT, Presiding Justice, says : " The bequest of $1,000 to the Presbyterian Cemetery must fail, as there was no corporation by that name ; as a voluntary unincorporated association it is incapable of taking ; " and cites Dowing v. Marshall (23 *N. Y.*, 382), Owens v. Missionary Society (14 *Id.*, 380), Sherwood v. American Bible Society (1 *Keyes*, 561), McKean v. Kearney (57 *How.*, 350), Betts v. Betts (4 *Abb. New Cas.*, 403), Leonard v. Leonard (58 *How.* 384), White v. Howard, (46 *N. Y.*, 144). In the case of Betts v. Betts (*supra*), Judge VAN VORST, in a lengthy opinion, examines the various cases bearing upon this question, and comes to the conclusion that a voluntary unincorporated society cannot take, either by devise or bequest. The same question is again decided by the same judge in McKean v. Kearney (57 *How. Pr.*, 349).

It was claimed, upon argument, that although an unincorporated religious society could not hold property acquired by devise or bequest, yet in the case at bar the contestants could not be heard to say or claim that the society was not regularly incorporated, because the testator had dealt with such society as a corporation, and had deeded the land on which its church building was erected to the society, and received therefor, as the consideration, $100. I cannot see that there is anything in this which creates an estoppel, as is claimed by the counsel for the church.

In this view of the case, the motion to confirm the

auditor's report, so far as it relates to the legacy in question, is denied, and the bequest is declared to be void.

Ordered accordingly.