WILLIAM E. MAPES, AS COUNTY TREASURER, ETC., AND, AS SUCH, TRUSTEE UNDER WILL, ETC., OF GILBERT G. WATERBURY, DECEASED, RESPONDENT, *v.* THE AMERICAN HOME MISSIONARY SOCIETY, APPELLANT, IMPLEADED WITH BENJAMIN F. CLAWSON AND CHARLES G. WEED, AS ADMINISTRATORS, ETC., AND OTHERS, RESPONDENTS.

*Will — by what laws the validity of a bequest is to be governed.*

A testator, domiciled at the time of his death in the State of Connecticut, left a will by which he gave one-third of his residuary estate to the American Home Missionary Society. This was an association of persons, organized for charitable and religious purposes, domiciled in the State of New York, but unincorporated at the time of the testator's death. By the laws of the State of New York the bequest was void; by the laws of Connecticut it was good.

*Held,* that the bequest was to be governed by the laws of this State and was, therefore, void.

APPEAL by the defendant, The American Home Missionary Society, from so much of the judgment, entered in this action in

Orange county on February 5, 1884, as provides "that the defendant, The American Home Missionary Society, is incapable of taking the legacy bequeathed to it by the will of Gilbert G. Waterbury, deceased, and that the legacy to it therefore fails and goes to the next of kin of the said testator, who were living at the time of his death, and to the personal representatives of those who have since died."

The action was brought for a determination of the rights of the beneficiaries named in the tenth clause of the last will and testament of Gilbert G. Waterbury, deceased, in respect to the residuary estate at the decease of the life beneficiary, under the ninth clause of said will. The ninth and tenth clauses are as follows : "*Ninth.* I do give, devise and bequeath all my remaining estate to my cousin Benjamin Waterbury, of the city of New York, or to such other person as the court of probate may appoint in case of his decease, in trust to pay over the income arising from said estate to my wife Naomi Waterbury during the term of her natural life. *Tenth.* At the decease of my said wife I devise that my said remaining estate shall be divided into three equal parts, and I do give, devise and bequeath the same as follows : To the American Bible Society, hereinbefore named, one part to be applied as hereinbefore directed ; to the American Home Missionary Society, hereinbefore named, one part in the same manner and for the same purposes as hereinbefore directed, and to my heirs-at-law one part to them and their heirs forever."

The testator Gilbert G. Waterbury died on or about February, 1856, leaving his widow, Naomi Waterbury, him surviving, but no descendants. He was at, and for many years before, his decease a resident of Darien, Fairfield county, State of Connecticut; his last will and testament, dated November 24, 1856, was duly proved on March 27, 1856, at a court of probate, in Connecticut, and admitted to probate on April 14, 1856, before the surrogate of the county of New York. Naomi Waterbury, the widow of said testator and life beneficiary under the ninth clause of said will, died on or about October 4, 1882.

*Howard Payson Wilds,* for the American Home Missionary Society, defendant, appellant.

*J. H. K. Blauvelt*, for Clauson & Waterbury and others, defendants, respondents.

*Nanny & Mead*, for the plaintiff, respondent.

BARNARD, P. J.:

By the terms of the will of Gilbert E. Waterbury, deceased, the property given by the tenth clause of the will vested at the death of the testator. The words "at the decease of my said wife" have long been held to indicate a vested remainder with the time of payment or possession postponed until the future event happens. (*Livingston* v. *Greene*, 52 N. Y., 118.) Unless, therefore, the property given by this clause passed to some one person or corporation, it went to the next of kin of deceased. One-third of the residue is given by this clause to the American Home Missionary Society. This was an association of persons for charitable and religious purposes, but was not incorporated at the death of the testator. It had its domicile in New York, and the testator was at the time of his death domiciled in the State of Connecticut. As an unincorporated association the Home Missionary Society could not take by our laws. (*White* v. *Howard*, 46 N. Y., 144; *Marx* v. *McGlynn*, 88 id., 357.) By the statute of Connecticut this bequest is good. By our laws it is not; and which controls in respect to this bequest? The general rule is that while the execution of the will and the capacity of the testator and the construction of the instrument is governed by the law of the domicile of the testator, yet the law of the domicile of the legatee governs the validity of the bequest. (*Chamberlain* v. *Chamberlain*, 43 N. Y., 424.) That case, however, does not seem to determine the question here. A testator in New York gives personal property to a corporation entitled to take in Pennsylvania, and the bequests were held good. It was stated in the opinion that a bequest bad at the place of domicile of testator would be bad everywhere. The bequest was not bad in New York in that case, nor is the bequest bad here, in the place of testator's domicile. The question seems to turn, therefore, solely upon the power of the legatee to take. The treasurer cannot take, because the fund is to be applied to the charitable uses of the society under its directions. An unincorporated association cannot be a trustee. (*Owens* v. *Missionary Society*, 14 N. Y., 380.) A voluntary association for

charitable purposes cannot under the law of this State take a legacy given to it.   (*Sherwood* v. *American Bible Society*, 1 Keyes, 561; *White* v. *Howard, supra.*)   Subsequent incorporation does not give effect to a legacy to an association unincorporated at the testator's death.   (*White* v. *Howard,* 46 N. Y., 144.)   The gift was therefore inefficient, and the title passed to the next of kin at testator's death and to the representatives of such of them as have since died. It follows that the judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Part of judgment appealed from affirmed, with costs.