PADLEY *v.* JONES ET AL.

*Wills—Construction—Conversion of real estate into money—Right to partition realty.*

By a will, in order to work a conversion of decedent's land into money from the time of his death and prevent a partition thereof by the devisees, there must be either "(1) a positive direction to sell; or (2) an absolute necessity to sell in order to execute the will; or (3) such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath said fund as money."

(Decided November 1, 1924.)

APPEAL: Court of Appeals for Lorain county.

*Mr. F. M. Stevens,* for plaintiff.
*Messrs. D. J. Nye* and *H. H. Nye; Messrs. Glitsch & Stack,* and *Mr. D. H. Aiken,* for defendants.

PARDEE, J. The original action was brought in the court of common pleas of Lorain county by

———
Partition, 30 Cyc. p. 185.

the plaintiff against the several defendants to partition certain land standing in the name of Sarah Ann Bache, who died testate on the 8th of December, 1922. Her will, which was executed on the 16th day of April, 1921, was admitted to probate by the probate court of said county on the 23d day of January, 1923, and on the same day the defendant David J. Nye, who was nominated in said will as such, was duly appointed and qualified as executor of her estate.

The petition in the lower court was filed on the 28th day of November, 1923, or ten months after the will was admitted to probate and the executor appointed. The parts of the will necessary to be considered in this case are the second and third items, to-wit:

"Item Second: I give, devise and bequeath all of the property that I may have at the time of my decease of every kind and description as follows:

"To my sister, Ella L. Jones, one-seventh thereof.

"To my brother, Alfred Padley, one-seventh thereof.

"To my sister, Frances A. Conabee, one-seventh thereof.

"To my sister, Hilda E. Vincent, one-seventh thereof.

"To the children of my deceased sister, Jane Gaudern, one-seventh thereof to be divided among said children in equal proportions.

"To the children of my deceased brother, Joseph Padley, one-seventh thereof to be divided among said children in equal proportions.

"To the children of my deceased brother, Fred-

erick Padley, one-seventh thereof to be divided among said children in equal proportions.

"To have and to hold to said respective persons and to their heirs and assigns forever.

"If any one of my said brother or sisters now living shall die before my decease leaving children, then and in that event, I give to the children of my said brother or sisters in equal proportions the share that would have gone to their father or mother had he or she been living at the time of my decease.

"Item Third: I do hereby nominate and appoint David J. Nye of Elyria, Ohio, executor of this my last will and testament and I hereby authorize and empower him to sell at such time, at such prices and upon such terms as shall seem best to him any and all real estate that I may have at the time of my decease and make and execute a deed or deeds therefor to the purchaser without any order of court to do the same.

"I further direct my said executor to sell either at public or private sale at such prices and upon such terms as shall seem best to him any and all personal property, stocks, bonds, mortgages, notes and other securities that I may have at the time of my decease without any order of court to do the same and make such papers as shall be necessary to transfer the title thereto.

"I further direct my said executor to divide and distribute the proceeds of my estate among my brother, sisters and the children of my deceased brothers and sisters as is provided in item second of this my last will and testament."

The real estate which the decedent owned at the

time of her death consisted of a business block in the city of Elyria and a dwelling in the city of Lorain. It is conceded that decedent left sufficient personal property to pay all claims of every kind against her estate, and that the executor has been collecting the rents from said property with the knowledge, consent and approval of all the parties to this action, and that the executor, at the time the suit was filed, was endeavoring to sell the real estate for the purpose of distributing the proceeds thereof among the parties entitled thereto.

The defendants object to the partition and sale of the property by an order of court for the reason that the testatrix intended by the terms of her will, and the authority given her executor, to work a conversion of the realty into personal property, and that therefore the plaintiff is not entitled to have the property partitioned or sold, and that the beneficiaries named in her will are required to wait until the executor has sold the property and distributed the proceeds among them.

The plaintiff claims that the wording of the will does not amount to a conversion of the property, that he has a right to have it partitioned, or sold, as provided by law, it not having been sold by the executor under the power in the will, and that said right in plaintiff to have the property partitioned or sold runs concurrently with the rights of the executor under said power.

It is conceded by all parties that the intention of the testatrix must control, and that this intention must be gathered from the wording of the entire will, giving effect to all its parts, if possible.

The controlling question arising in this appeal is

whether by the terms of the will there was a conversion of the decedent's real estate from the time of her death. If there was, the beneficiaries, of course, took personal property and would not be entitled to the possession of the real estate, and their action for partition would necessarily fail.

We think that it is well settled, fully established and universally recognized, both upon principle and authority, that in order to work a conversion of a decedent's land into money from the time of his death, there must be either "(1) a positive direction to sell; or (2) an absolute necessity to sell in order to execute the will; or (3) such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath said fund as money." (2 Story's Equity Jurisprudence [14 ed.], Section 1091, page 485.)

See also 3 Pomeroy's Equity Jurisprudence (4 ed.), Section 1160, page 2749; 6 R. C. L., Section 10, page 1075, and 20 R. C. L., Section 4, page 718.

In the case before us, there is no positive direction to sell. A sale by the executor was entirely optional with him. He could sell or not, at his pleasure; he had the power and the authority, and a deed given by him would protect the purchaser, but the direction to him to sell was not imperative or unconditional; it depended entirely upon his own discretion and desires; it was a mere naked power. The testatrix may have thought that the real estate would have to be sold, but she gave no such positive direction. As there was no positive direction to sell, so there was no absolute neces-

sity to sell to carry out the testatrix's intention, as by the second item of the will the real estate had been given absolutely and in fee simple to the beneficiaries named.

Is there anything in this devise to the beneficiaries which forbids partition? Certainly, so far as the land is concerned, there is not; and, so far as the devise is concerned, it is an ordinary one if you leave out of consideration the power of sale given to the executor in another item of the will.

This absolute gift negatives and is in conflict with the idea that the testatrix intended to divide the estate as money rather than as real estate, and this conclusion is entirely in harmony with the idea of giving effect to all the parts of the will; nor does the wording of the will clearly show that the testatrix intended to blend the real and personal property, and to create a fund out of the avails of both, and to bequeath such fund as money. This is fully supported by the terms of the will, which contains a positive direction to sell all the personal property of the estate, and orders the executor to distribute and divide the proceeds. This clearly shows that it was the intention of the testatrix to have all the personal property sold and to leave it discretionary with the executor as to whether the real estate should be sold by him or not.

Being unanimously of the opinion that the testatrix did not intend to work a conversion of the real estate at the time of her death, and it not being necessary to give the executor the possession of said real estate to carry out the intention of the testatrix, we are of the opinion that the devisees

named in Item 2 are entitled to the possession of the real estate, and that the plaintiff, under the laws of this state, is entitled to have the real estate partitioned or sold as provided by those laws.

The rents and income of the real estate having been collected by the executor, by and with the consent and approval of all parties interested, he may continue to do so and account to the probate court therefor.

*Decree accordingly.*

FUNK, P. J., and WASHBURN, J., concur.