Editor's Note: The case of Bunting v. Younglas, above referred to, will be found at 5 Abs. 291.

DAVISON v. HERSMAN, etc.

Ohio Appeals, 9th Dist., Summit Co.

No. 1285. Decided May 9, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES—997. Real Estate.

1. Where, by reasonable construction of all terms of will, in connection with surrounding circumstances, instrument shows intention that original form of property shall be changed, then conversion takes place, and if no contrary intention is apparent from will, conversion takes effect from time of death of testator. To work conversion, not necessary that there be an express direction to convert; it may be necessarily implied.

2. If it was intention of testatrix to convert real estate into personalty, it follows that nothing but naked legal title descended to heir, in trust, subject to be divested at time of sale by executor, and that administrator was entitled to possession of real estate, and to rents and profits therefrom.

Error to Common Pleas.

Judgment affirmed.

Rolland Jones, Akron, for Davison.
F. A. Rees, Akron, for Hersman, etc.

FULL TEXT.

WASHBURN, P. J.

This is an error proceeding.

The trial court was justified in finding from the admissions made by the parties in an agreed statement of facts and in open court at the trial, and from the competent evidence offered at the trial, that a woman 70 years of age, with no earning capacity and with very little income, and owning certain real estate, a part of which was subject to a mortgage, made a will, in which she made specific bequests and authorized her executor to sell her real estate without an order of court; she did not have at the time of the making of the will personal property sufficient to pay said bequests and had no hope or expectancy that she would have personal property enough at the time of her death to pay said bequests; she did not in her will make said bequests a specific charge upon the real estate, but she made no disposition in the will of said real estate, other than to authorize her executor to sell the same.

Said testatrix had one heir, a son who was married and had a child, and while one bequest was to her son, the large bequest was made to a trustee for her son's child.

In this action said son attempted to defeat said bequest to his child, and failing in that, to establish his right as heir to the rents from the real estate until the same is sold by the executor under the will.

The court found that said bequests were charges upon said real estate; that indeed it was testatrix's intention to convert said real estate into personalty and pass same to said executor for the purpose of carrying out the terms of said bequests, and that upon said testatrix's death the executor had a right to take possession of said real estate and

collect the rents and profits thereof until the same was sold under the powers given the executor in the will, and after providing for said legacies in the manner specified in the will, if there was any surplus, pay the same to said heir.

There can be no question but that there was an absolute necessity to sell said real estate in order to execute said will, and when the whole will is considered, in connection with the testatrix's condition and all of the surrounding circumstances, it is apparent that it was her intention to unconditionally convert said real estate into money from the time of her death and not to die intestate as to said real estate.

Where, by a reasonable construction of all the terms of a will, in connection with the surrounding circumstances, the instrument shows an intention that the original form of the property shall be changed, then a conversion takes place, and if no contrary intention is apparent from the will, the conversion takes effect from the time of the death of the testator. To work a conversion it is not necessary that there be an express direction to convert: it may be necessarily implied.

3 Pomeroy's Equity Jurisprudence, Sec. 1160.

2 Woerner's American Law of Administration (3rd ed.), Sec. 342.

Padley v. Jones, 20 O. App. 203.

If it was the intention of the testatrix in this case to convert said real estate into personalty, it follows that nothing but the naked legal title descended to the heir, in trust, subject to be divested at the time of sale by the executor, and that the administrator was entitled to the possession of said real estate; and if entitled to the possession, he was entitled to the rents and profits therefrom as a part of the estate.

In addition to this, the record discloses that the executor, by and with the consent of the heir, at once took possession of said property and collected the rents from the same and paid two of said legacies—one of which was paid to said heir; but the facts in reference to the acts and conduct of said heir are not sufficiently developed in the record to justify a finding that he is estopped from claiming that the executor was not entitled to collect said rents and account for the same as a part of the estate, and therefore we do not base our affirmance on that ground.

Under all the circumstances, we cannot say that the trial court was wrong in reaching the conclusion that it did in this case, and therefore the judgment and decree of the trial court is affirmed—leaving the question of a full accounting to the supervision and control of the Probate Court.

(Funk, J., and Pardee, J., concur.)

## Weekly Report of NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

### July 17, 1928
#### New Cases
21287—Z. C. & W. Trans. Co. v. P. U. C.; error to P. U. C. D. H. Armstrong, Columbus, for plaintiff; E. C. Turner and A. M. Calland, Columbus, for defendant.

21288—De Luxe Cab Co. v. Green Cab Co.; motion for Cuyahoga Appeals to certify. Jas. L. Lind and Jno. A. Cline, Cleveland, for plaintiff; John B. Oviatt, Cleveland, for defendant.

21289—Schooner v. Barron; motion for Wood Appeals to certify. Geo. A. Cheney, Bowling Green, for plaintiff; S. W. Bowman, Bowling Green, for defendant.

### July 18, 1928
21290—Schneiderman, an infant etc. v. Sesanstein; motion for Summit Appeals to certify. Rockwell & Grant for plaintiff; Mather, Nesbitt & Wilkie, Akron, for defendant.

### July 19, 1928
21291—State ex Pulskamp v. Mercer County Commissioners et; motion for Mercer Appeals to certify. I. F. Randabaugh, Celina, for plaintiff; John W. Loree, Celina, for defendants.

21292—Price et v. State, et; error to Pauldting Appeals. Knepper & Wilcox and S. A. Baird, Columbus, for plaintiff.

21293—Pure Oil Co v. Kindall etc.; motion for Monroe Appeals to certify. Moore, DeVaul & Moore, Woodsfield, for plaintiff.

### July 20, 1928
21294—International Telepost Co. v. P. U. C.; error to P. U. C. Keyes Winter, New York, N. Y., and Hackett & Lynch, Toledo, for plaintiff; E. C. Turner and A. M. Calland, for defendant.

21295—Dubor et v. Klamer et.; motion for Cuyahoga Appeals to certify. J. H. Mellon, Cleveland, for plaintiff; Krueger & Pelton, Cleveland, for defendant.

21296—Cleve. Ry. Co. v. Nickel; motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, Cleveland, for plaintiff; Chas. T. Rich, Cleveland, for defendant.

21297—Meyer, Admr., v. Fisher; motion for Scioto Appeals to certify. Dysart & Miller, Ashland, Ky., and Wm. J. Meyers, Portsmouth, for plaintiff; Edmond S. Dillon, Portsmouth, for defendant.

### July 21, 1928
21298—Peters et v. McKean et; motion for Mahoning Appeals to certify. Chas. Koonce, Jr., for plaintiff; W. H. Wickham, Barnum, Hammond, Stephens, Patchin & Hoyt, Youngstown, for defendant.

21299—Indust. Com. v. Link; motion for Cuyahoga Appeals to certify. Edw. C. Turner, Atty. Genl., and R. R. Zurmehly, Columbus, for plaintiff; John A. Elden, Cleveland, for defendant.