FRED S. BRYANT and EMMA H. BRYANT, Appellants, v. ANNA H. SHAW, Respondent, Impleaded with EDNA B. LEWIS and Others, Defendants.

Second Department, February 13, 1920.

Real property — pleading — complaint in action for partition — syndicate agreement creating invalid trust — title as tenants in common under invalid trust — breach of syndicate agreement not prerequisite to partition.

A complaint in an action for partition, based upon a written instrument from which it appears that plaintiffs are members of a syndicate organized to acquire real estate upon which was to be erected an apartment house, the interest of each member of the syndicate to be evidenced by a deed of trust made by one of the defendants setting forth the respective interests of the owners, said defendant admitting in writing that she held title merely for purposes of convenience and to enable her to superintend the erection of the building and the management of the same after completion and also binding her to account to the members of the syndicate for the profits which it is alleged she refuses to do, states a cause of action.

The trust created by the instrument aforesaid is not one of the four express trusts permitted by the Real Property Law, and as it cannot be upheld as a trust the equitable owners became tenants in common by virtue of sections 66, 91, and 99 of the Real Property Law, and hence, having a legal estate of the same quality and duration as the equitable one attempted to be created, may maintain an action for partition.

It is immaterial that the land sought to be partitioned was not acquired until after the execution of the syndicate agreement for the instrument took full effect when title was subsequently taken in the name of the defendant.

In order that the plaintiffs may maintain the action for partition it is not necessary that they show a breach of the syndicate agreement.

Although such agreement also provided that a corporation might afterwards be created to take title if deemed advisable the complaint need not negative the fact of incorporation which would be a defense to be raised by answer.

APPEAL by the plaintiffs, Fred S. Bryant and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of May, 1919, granting respondent's motion for judgment on the pleadings.

The action was brought for partition and the respondent demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Theodore J. Breitwieser,* for the appellants.

*Mary R. Towle,* for the respondent.

PUTNAM, J.:

This suit is based upon the following instrument:

" NEW YORK, *March 6th,* 1914.

" I acknowledge the receipt from Emma Harris Bryant and Fred S. Bryant of 65 West 127th Street, City of New York and State of New York, the sum of One thousand dollars ($1000) as subscription in syndicate to be managed by undersigned, formed for the purpose of acquiring title from American Real Estate Company of premises on the East side of Bayley Avenue, Yonkers, N. Y., and erecting thereon an apartment dwelling house; the interest of each member of such syndicate and the improvement to be erected thereon to be evidenced by a deed of trust made by undersigned, which shall set forth respective interests of the owners thereof. It is understood that the undersigned is to hold title in her own name, merely for purposes of convenience, and she is to have charge of erecting the building, managing the same after completion, and all proper charges and disbursements for purchase, erection of building, obtaining of mortgages and maintenance of building are to be deducted from amounts in her possession which have been subscribed by the members of this syndicate, or from the income from the building after erection, and accountings from time to time to be made by the undersigned as requested by parties interested. If it should be deemed advisable later to transfer title to a corporation, the various members of this syndicate shall receive stock in proportion to the amounts which they have subscribed.

" (Signed)   EDNA B. LEWIS.

" [SEAL]   JEAN ALISON HUNTER,
        "N. Y. Co. No. 1741.
        N. Y. Reg. No. 5247."

The complaint sets out that the plaintiffs and defendants are seized as tenants in common of undivided shares of certain described lands in the city of Yonkers, which lands are identified by map numbers and by metes and bounds; that the plaintiffs are seized as tenants in common of an estate

of inheritance, in fee simple absolute, in an undivided one-tenth part of said premises, with a like allegation as to the respective defendants, except that defendant Edna B. Lewis has no right, title or interest in the premises but she holds the record title by virtue of the quoted agreement of March sixth. It is also averred that she has collected all the rents of said premises, but has not accounted therefor to plaintiffs.

· · The complaint asks for a sale; division of proceeds; an accounting by the defendant Lewis, with a receivership of the rents and profits.

If this instrument of March 6, 1914, created a valid trust under our Real Property Law, then this would be a suit by equitable beneficiaries only, without legal title, whose right to maintain a partition suit is doubtful. (*Side* v. *Brenneman*, 7 App. Div. 273.)

A further objection is made that the land now the subject of suit had not been acquired on March 6, 1914, so that the instrument lacked the requisite subject-matter. Although the writing preceded the acquisition of the land, it was not ineffective. It was a valid declaration of trust, which under our Real Property Law (§ 242) may be by writing, without being under seal. (Id. § 243; Chaplin Express Trusts & Powers, §§ 71, 72; 1 Perry Trusts [6th ed.], § 82.) The instrument took full effect when the subsequent title of record vested in defendant Lewis, the declarant.

But this was not one of the four express trusts permitted in this State. (Real Prop. Law, § 96.) As it could not be upheld as a trust, the equitable owners who had joined this syndicate became at once tenants in common by the Real Property Law, sections 66, 91 and 99. Each participating member of the syndicate took a legal estate as tenant in common which was " of the same quality and duration " as the equitable estate attempted by this declaration. (Real Prop. Law, § 92; *Hutchins* v. *Van Vechten*, 140 N. Y. 115.) Such interests resulting from an attempted express trust are legal estates, which entitle the part owners to maintain partition, or otherwise to exercise ownership. (*Stanley* v. *Payne*, 65 Misc. Rep. 77.)

The objection that this declaration of trust was indefinite in regard to the beneficiaries cannot avail as against the

plaintiffs, who are sufficiently described and their contributing interest definitely stated.

Respondent urges that no breach of this syndicate agreement is shown, and, therefore, that plaintiffs are not at liberty to retire from their agreement. But as by our statute plaintiffs obtained the full title, they can enforce their remedies as tenants in common by division or partition sale, which are absolute rights, dependent only on the plaintiffs being cotenants entitled to actual or constructive possession. (30 Cyc. 188, 189; Code Civ. Proc. § 1532 *et seq.*)

We are also of opinion that the complaint need not negative the fact of incorporation, which was only a future possibility suggested at the close of this declaration. If since incorporated, that may be raised by answer.

The order granting this defendant judgment on the pleadings should, therefore, be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave within twenty days, on payment of such costs, to withdraw the demurrer and to answer.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave within twenty days, on payment of such costs, to withdraw the demurrer and to answer.