FRED S. BRYANT and EMMA H. BRYANT, Appellants, *v.* ANNA H. SHAW, Respondent, Impleaded with EDNA B. LEWIS and Others, Defendants.

Second Department, October 8, 1920.

Pleadings — order granting motion of defendant for judgment on pleadings after demurrer to complaint — when defendant cannot require plaintiff to enter judgment upon reversal of said order by Appellate Division.

There is no rule requiring a party to enter judgment upon an order of the Appellate Division denying a motion for judgment on the pleadings.

Thus where a defendant demurred to the complaint and then moved for judgment on the pleadings, and the order granting the motion was reversed

upon appeal with leave to the defendant to withdraw the demurrer and to answer, the defendant, who has not availed herself of said permission, is not entitled to an order requiring the plaintiff to enter judgment upon the order of reversal in the Appellate Division.

APPEAL by the plaintiffs, Fred S. Bryant and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 5th day of June, 1920, directing the plaintiffs to enter judgment against the respondent's executrices within ten days and staying all proceedings in the action.

*Theodore J. Breitwieser*, for the appellants.

*Mary R. Towle*, for the respondent.

RICH, J.:

The action is in partition. The defendant Shaw interposed a demurrer to the complaint and then moved for judgment on the pleadings. The motion was granted, but upon appeal to this court the order was reversed with leave to withdraw the demurrer and answer. (190 App. Div. 578.) Instead of availing herself of this permission, respondent has obtained an order requiring the plaintiffs to enter judgment upon the order of reversal in this court. In effect respondent has obtained an order directing that a judgment be entered denying a judgment. I know of no rule requiring a party to enter judgment upon an order of the Appellate Division denying a motion for judgment on the pleadings. In *Taishoff* v. *Elkema* (171 App. Div. 288), Mr. Justice PAGE, after discussing the rules of practice governing motions for judgment on the pleadings and demurrers, said: " ' Where the matter is brought before the court on notice of motion, either under sections 976 or 547, no written decision or interlocutory judgment need be filed or entered, but an order should be entered.' " In *Dahm* v. *O'Connell* (179 App. Div. 363), Mr. Justice PUTNAM, writing for this court, said: " Where a complaint is demurred to, plaintiff has three ways to test such demurrer. If he moves for judgment under Code of Civil Procedure, section 547, the court which sustains the demurrer should deny this motion by an order. Without some cross-motion or some notice of a trial of the issues of law, judgment should not be entered for defendant."

The demurrer in the case at bar· was not brought on for trial under section 977, followed by a decision under section 1021 of the Code of Civil Procedure, and it follows that the order must be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concur,

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.