In the Matter of the Accounting of CHRISTOPHER PALUMBO, as Executor of DESIDERIO PALUMBO, Deceased.

Surrogate's Court, Erie County, November 17, 1953.

*W. Bartlett Sumner* for executor, petitioner.

*Michael J. Montesano* for Sylvia Palumbo, objectant.

ROBINSON, Acting Surrogate. Desiderio Palumbo, the testator, died in the city of Buffalo on or about the 25th day of July, 1949. He left him surviving his widow, Sylvia Palumbo, but no children or issue. A nephew, Christopher Palumbo, who was appointed executor under the last will and testament of the decedent, filed his petition for judicial settlement and his account as such executor and as such seeks a decree of this court settling his accounts.

The testator and his widow were married on the 26th day of November, 1893, and since that date have resided in the city of Buffalo. The testator during his lifetime had accumulated an appreciable bank account and died seized of real estate consisting of two pieces of property known as 106 Edison Street and 105 Harriet Street, Buffalo, New York.

The widow filed with this court a notice of election to take against the provisions of the will, and she also filed objections to the accounts of the executor.

While, in the words of the presiding Judge in *Matter of Byrnes* (141 Misc. 346, 350, affd. 235 App. Div. 782, affd. 260 N. Y. 465), the right given a surviving widow " should not be whittled down by the ingenuity of the draftsman of a will or by the design of the husband to deprive the wife of her lawful rights," I do find, however, that the provisions of the will in this instance, in behalf of the widow, equal or exceed the amount she would have

taken had her husband died without leaving a will. By virtue of the provisions of section 18 of the Decedent Estate Law, I therefore find that Sylvia Palumbo, the widow, may not exercise her right of election as attempted.

Under various other paragraphs of the will, the decedent makes specific legacies to nephews and nieces residing here and abroad, which legacies he makes charges against the realty, upon which the widow has been given a life estate.

Paragraph " Eighth " of the will reads as follows: " I give and bequeath unto Christopher Palumbo, my executor, as indicated below, all the money in the bank to be held in trust to help pay taxes and repairs of real property as necessary during the natural life-time of my wife, Silvia Palumbo, and upon her death the remainder to be used towards the payment of the legacies."

Sylvia Palumbo, the widow, contends that said provision is invalid and that all the money in the bank attempted to be devised by this provision either goes to the residuary beneficiary or, in the absence of such a beneficiary, as to that part of the estate the decedent died intestate.

Sections 11 of the Personal Property Law and 96 of the Real Property Law control the creation and operation of trusts and the provisions of said sections must therefore be strictly construed in order to determine whether or not said trusts are valid.

Paragraph " Eighth " in question fails to expressly designate who shall receive or retain the income and what disposition, if any, is to be made of the unexpended income upon the death of the widow. Christopher Palumbo by the terms of said paragraph was directed " to help pay the taxes and repairs " on real property. It does not, however, impress any active duty upon him except " to help pay taxes and repairs ". If Christopher Palumbo were permitted to act thereunder he could give " help " by applying the absolute minimum in paying the taxes or in the event of extreme generosity pay all taxes. He could expend as much or as little as he chooses. The provision is uncertain and indefinite and does not fall within the purview of section 11 of the Personal Property Law or section 96 of the Real Property Law.

The trustee of a valid trust must be authorized and directed to perform certain duties and assume certain obligations. The trust must be executed and administered with some degree of definiteness. The trust must not be a dry or passive trust.

Surrogate FOLEY, in *Matter of Dieudonne* (186 Misc. 642, 646) held the obligation " to pay from their shares of the income such amounts as may be necessary to care for and maintain certain cemetery plots " was insufficient to create a trust or impose a charge upon the trust income. (*Matter of Spruce,* 188 Misc. 776; *Matter of Cerchia,* 279 App. Div. 734; *Cole* v. *Levy,* 212 App. Div. 84; *Von Reitzenstein* v. *Tomlinson,* 249 N. Y. 60, 64.)

In *Matter of Curth* (61 N. Y. S. 2d 237), the court stated: " The language of the will imposes no active duties upon the trustee and creates a passive trust. The trustee takes nothing and legal title passes directly to the granddaughter ". (See, also, *Matter of Miller,* 115 N. Y. S. 2d 255, 257.)

In *Matter of Mahlstedt* (140 Misc. 245, 247), the codicil to the will provided that " The income on this stock is to be paid to my wife each year and shall not be less than 5%, as I wish my wife to have income of at least $10,000 ". The language used, the court stated, was ineffective to create a valid trust and at page 250 it wrote: " There is no express gift to the executors and no direction for them to receive or apply the income. A layman's use of the word ' trust ' is subject to no enlargement because he is such. Technical construction follows as of course. (*Matter of Catlin,* 97 Misc. 223, 228; affd., 179 App. Div. 926.) The testator's attempt to create a legal trust was abortive. The projected trust is clearly a dry or passive trust involving no active duties on the part of the trustees. There is a legal estate in the wife of the same duration as the beneficial interest. Real Prop. Law, §§ 92, 93, 96, *Denison* v. *Denison,* 185 N. Y. 438, 443; *Jacoby* v. *Jacoby,* 188 id. 124 ".

The trust being invalid, in the absence of a residuary clause, as to this part of the estate the testator died intestate. There being no children and the sums of " money in the Bank ", as shown by the account, being less than the sum of $10,000, it passes to the widow. She is entitled to take this part of the estate in addition to the testamentary provisions in her favor.

In a somewhat similar situation, Justice TAYLOR of this department in *Matter of Blumenstiel* (290 N. Y. S. 935, 943, affd. 248 App. Div. 543), wrote: " Under such circumstances it would seem that she took both the testamentary provisions and her share of the intestate property; the former because the testator gave them to her and the latter because the law gave it to her. What the testator bequeathed to her is hers by virtue of the testamentary act. What he failed to bequeath to anybody is hers by virtue of the statute (Decedent Estate Law, § 83,

subd. 4) to the extent authorized thereby. The widow had neither a right nor a duty to elect.'' (See, also, *Matter of Sutta,* 54 N. Y. S. 2d 572; *Matter of Miller,* 115 N. Y. S. 2d 255, 257; *Jacoby* v. *Jacoby* 188 N. Y. 124, 129.)

The accounting executor has credited himself with rents collected from the real estate, the life estate of which is devised to the widow. The income so received belongs to the widow and so much thereof in the hands of the executor so collected should be paid over to her. It does not constitute an asset of the estate and should not be included in his account. It appears, however, that the widow has availed herself of her limited right of election as provided by section 18, and the executor, in compliance therewith, has paid the widow $2,500. The widow is chargeable with this sum. If there is insufficient cash in the widow's trust fund it should be charged against her life estate in the real estate.

All other objections are disallowed.

Prepare a decree in accordance with this opinion and which shall in substance provide that the widow is entitled to all moneys in the bank as intestate property and that the income collected by the executor from the real estate, of which the widow is a life tenant, is payable to her. In all other respects the account is passed as submitted.