In the Matter of the Accounting of Christopher Palumbo, as Executor of Desiderio Palumbo, Deceased.— Decree insofar as appealed from reversed on the law and facts, with costs to all parties filing briefs payable out of the estate, and proceeding remitted to the Surrogate of Erie County for further proceedings in accordance with the memorandum. Memorandum: The main subject of the controversy presented on this appeal involves paragraph "EIGHTH" of the will of decedent. The Surrogate has held the trust set up by said paragraph to be invalid. We reach a contrary conclusion. The trust is one exclusively as to personalty, "the money in the bank", and, therefore, is not subject to the limitation of section 96 of the Real Property Law, but is such as may be created for any purpose not unlawful subject only to the law of perpetuity. (Gilman v. Reddington, 24 N. Y. 9, 12; Cochrane v. Schell, 140 N. Y. 516, 534.) There are present here (1) a designated beneficiary, (2) a designated trustee not the beneficiary, (3) an identifiable fund or other property, and (4) the actual delivery of the fund or other property to the trustee with the intention of passing legal title thereto to him as trustee. These constitute the elements necessary to create a valid trust of this personalty. (Brown v. Spohr, 180 N. Y. 201, 209.) It is quite apparent that the testator in the instant case intended both the interest and principal, "all the money in the bank", to be used for the payment of taxes and repairs of the real property, the use and profits of which by the "SECOND" paragraph of decedent's will was given to the widow during her lifetime, to the extent that such personal property would pay such. The clause "help pay taxes", in our judgment, is meant to indicate that the trust fund created by paragraph "EIGHTH" is to be used to its fullest extent for such purposes with the possibility that all of such fund may be used therefor before the widow's death. This seems to accord with decedent's intention in providing for his widow during the remaining portion of her life.

Personal property, of course, under proper practice must be first applied to the payment of debts, funeral and administration expenses, both those paid to date and those to be paid in the future. We, therefore, hold the trust created by paragraph "EIGHTH" to be a valid trust to be used to the extent remaining after payment of debts, funeral expenses and administration expenses, with the other personal property, both interest and principal for the payment of taxes and repairs of the real property, the use and profits of which were given to the widow "during the term of her natural life". The decree of the Surrogate should, therefore, be reversed and the proceeding remitted to the Surrogate of Erie County for a supplemental accounting, determination, and distribution in accordance with the views expressed herein. All concur. (Appeal from part of a decree construing a will and settling the accounts of the executor.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [204 Misc. 852.]