In the Matter of the Accounting of WILLIAM A. GATEHOUSE et al., as Successor Trustees under the Will of WILLIAM P. GATEHOUSE, Deceased.

Surrogate's Court, Kings County, December 21, 1954.

*Donald J. Turrill* for successor trustees, petitioners.

*Joseph Fennelly,* special guardian for infants, respondents.

*William L. Wallace* for Frederick B. Davis, as executor of Anna Davis, deceased, respondent.

RUBENSTEIN, S. The court is required to determine the validity of testator's direction that the remainder of a trust, which has terminated by the death of the second life income beneficiary thereof, shall vest immediately in the remaindermen thereof, but that payment and delivery thereof shall be postponed until each remainderman shall attain the age of forty-five years, custody and management in the meantime being retained in the executors.

Testator died on April 18, 1943, and under his will placed his residuary estate in trust, with one eighth of the income therefrom to each of his children and to the issue collectively of any predeceased child but not exceeding $3,000 yearly, and the balance to his widow during her life; and upon her death directed division of the trust into as many shares as there shall be children surviving the widow and the issue collectively of any child who predeceased the widow and a share set apart for each. There were four children who survived both the testator and

the widow, who died on May 25, 1947; no child predeceased the testator survived by issue.

Under subdivision B of Clause Fifth of his will, testator then provided that the share so set apart for a child surviving the widow, was to be continued in further trust and the income therefrom paid to him for life. Subdivision C of the same clause, provided that upon the death of such child, his share was to be divided into as many equal subshares as there shall be issue surviving him, and in default thereof into as many subshares as there shall be testator's children surviving and issue collectively of any child who may have died, and to set apart for each a subshare. The testator then stated, " I give, devise and bequeath each such sub-share to the person * * * for whose benefit it shall have been set apart to be paid over and delivered to him * * * when he * * * shall * * * attain the age of forty-five years, except that I direct my Executors and Trustees to pay any part or all of any one or more of such sub-shares to the person * * * to whom such sub-share or interest in sub-share is given herein prior to the attainment by him * * * of the age of forty-five years if, in the absolute discretion of my said Executors and Trustees, such payment to such beneficiary shall be deemed by them advisable or necessary for the proper education, maintenance or medical care of such beneficiary. It is my intention that any person who may take pursuant to this sub-division C of Clause Five of this my Will, whether such person be child of mine, grandchild or other descendant, shall receive such legacy and devise absolutely to his own use and benefit forever, but that payment and delivery of such legacy and devise shall be postponed as in this paragraph provided.''

One of testator's children, Anna Davis, died on November 8, 1953, without issue, but was survived by two brothers, who have attained age forty-five, and by a sister, Emily Murphy, who will not be forty-five years old until February 14, 1961. The principal of Anna's trust has, therefore, vested in those three children but the right to custody and management of the principal thereof by Emily Murphy is sought to be deferred until she attains the age of forty-five years. The three trusts for those children are likewise presently accounted for and it appears that Emily now has two minor children, and each of her brothers has an adult child, all of whom are the presumptive remaindermen of their parents' respective trusts.

The testator very carefully provided under subdivision D of Clause Fifth for an immediate vesting of the shares set apart for the surviving issue of any deceased child who predeceased

the widow — such issue might not have been in being at testator's death. He then used identical language with respect to postponement of payment of principal and delivery thereof to age forty-five, and invasion of principal prior thereto for education, maintenance and medical care of such issue, as in the case of the remaindermen whose interests vest upon the termination of a trust by the death of a secondary life income beneficiary. Testator then declared that his intentions with respect to the vesting of interests given thereunder were the same as those stated under subdivision C. Those provisions are inoperative, however, as the testator's widow was not survived by issue of any predeceased child.

Subdivision D of Clause Fifth, also contained the following provision: "It is my further intention that, should any net income accrue on any legacy and/or devise during the postponed period and pending the payment and delivery of such legacy and/or devise as directed in paragraphs denominated 'Fifth C' and 'Fifth D' hereof, such net income be paid over and delivered to such legatees and devisees as such income may accrue and may be available for such distribution, without awaiting the time of delivery and payment of such legacy and/or devise." That provision with respect to the payment of income as it accrues to the legatees may be deemed to be qualified, insofar as infants shall be legatees of the remainder of the three unexpired trusts, by the provisions of Clause Fourteenth reading: "I direct that my said Executors and Trustees shall have the same custody and control of the property of any minor who shall take such property pursuant to the provisions of this Will that a general or testamentary guardian would have."

The trustees seek to sustain the validity of the provisions deferring principal payment to age forty-five by advancing the same arguments which were advanced in *Matter of Marsh* (119 N. Y. S. 2d 26), to wit, there is no unlawful suspension of the power of alienation and vesting has occurred within the permissible period. In that case and the case at bar, the will draftsman exercised highly professional technical skill in an attempt to evade the rule against perpetuities. Failure attended the effort in the *Marsh* case, and if the power of custody and management lodged in the executors herein until the remaindermen each severally attain forty-five years of age be declared valid, then a testator may by the same device employed herein suspend custody and management of a remainder which has been trusteed and measured for two lives, until a remainderman has attained the age of 100 years.

In the *Marsh* case (*supra*), the secondary income trust beneficiary was given a general power of appointment over the remainder, which she exercised by her will, directing its division into two equal shares and gave by words of present gift to two named daughters in absolute ownership, the property, however, to be administered as a power in trust and retained by whomsoever should qualify as trustee under the will until each daughter attained the age of thirty years, when the principal was to be delivered and paid to her. In this case, testator himself disposed of the remainder, which he, too, gave in absolute ownership but withheld delivery and payment thereof until the beneficiaries each individually attain age forty-five years.

The testator herein, however, did not explicitly state that during the deferred period the remainder was to be held in a power in trust, nor did he explicitly state what powers of investment and management were to be exercised in connection therewith. Necessarily, the remainder is required to be so held as legal title is vested in the remaindermen and the property must be properly and profitably invested during the deferred period of principal payment. Nonlegal investments which came to the executors and trustees under the terms of the will, however, are authorized to be retained only during the life of the trusts pursuant to the provisions of Clause Tenth of the will. The limitation so placed upon investments implies that with respect to the remainder, the executors shall, in all other respects, exercise all the powers of investment and management granted under clauses Ninth and Tenth of the will. The successor trustees herein were also granted successor letters testamentary and under Clause Ninth of the will were given the same powers and duties, rights and privileges as if originally appointed.

The trustees contend that the *Marsh* case was decided upon the ground that there was a continuance of a definitely defined trust fund beyond the legal period. They do not point out, however, wherein their remainder is not equally as much a trust fund as the remainder in the *Marsh* case. In none of the many cases cited by the trustees was custody and management of property, the subject of the gift, withheld from a legatee for a greater period than two measured lives and the legatee's own minority.

The executors herein obtained an administrative title to the remainder, upon the trust's termination, which confers upon them a power in trust (*Steinway* v. *Steinway,* 163 N. Y. 183, 200, 201). A power in trust " in its essential nature, places upon

the grantee thereof a duty to execute it in favor of some person or persons other than himself. It involves a form of express fiduciary obligation similar to that of an express trust '' etc. (*Stanley* v. *Payne,* 65 Misc. 77, 82). A perpetuity cannot be created by means of a power in trust any more than by a direct limitation (*Booth* v. *Baptist Church,* 126 N. Y. 215, 239; *Everitt* v. *Everitt,* 29 N. Y. 39, 78; *Belmont* v. *O'Brien,* 12 N. Y. 394, 404). To paraphrase an observation in *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266, 278), there is nothing peculiarly sacred about legacies which are retained under powers, when there is no sound reason why they should not be governed by the same rules which control the devolution of estates by other methods.

Powers in trust are governed by the same rules of law applicable to trusts (*Tilden* v. *Green,* 130 N. Y. 29, 53) and as the power of custody and management herein is appended to a trust which has itself suspended absolute ownership for the maximum period under the statute, and as it was designed to be indestructible, it is invalid beyond the minority of the remaindermen (*Matter of Marsh, supra; Matter of Eveland,* 284 N. Y. 64, 73).

Proceed accordingly.