George Frankenthaler, S.
The accounting trustees have requested a judicial determination of the validity of testator’s direction that one quarter of any trust income remaining after *343 a specified sum is paid to the life tenant, and one quarter of the corpus upon the termination of the trust, he paid to W. W. Norton & Company, Inc., a business corporation.
Ohio realty, which has since been sold, constituted the major asset of this residuary trust and was equitably converted (Padley v. Jones, 20 Ohio App. 203) under the law of the situs (Decedent Estate Law, § 47; Matter of Chapman, 202 Misc. 373) making this a trust of personal property governed by New York law. Trust income is distributable to the corporate beneficiary pursuant to the provisions of the will despite the language in subdivision 3 of section 96 of the Real Property Law which seemingly requires that beneficiaries of land trusts be natural persons, because trusts of personalty are not limited by that statute and may be created for any lawful purpose. (Kane v. Gott, 24 Wend. 641; Matter of Palumbo, 284 App. Div. 834; see Cochrane v. Schell, 140 N. Y. 516; Matter of Fischer, 307 N. Y. 149, 158; see 1 Scott on Trusts [1939 ed.], § 117.1; 4 Powell on Real Property, § 519. But see, Underwood v. Curtis, 127 N. Y. 523, 527; Robinson v. Adams, 81 App. Div. 20; Matter of De Forest, 147 Misc. 82; Matter of Scott, 204 N. Y. S. 478, 486.) No violation of the perpetuities statute is involved as this testamentary trust terminates “ upon the death- of the survivor of my said wife and my said daughter ” (art. Third, subd. [g]). In any event the designated portion of trust income is payable to the corporation as the presumptive owner of the next eventual estate (Real Property Law, § 63; Delafield v. Shipman, 103 N. Y. 463; see Matter of Harteau, 204 N. Y. 292). The beneficiary’s capacity to take the bequest of a remainder interest appears clear (General Corporation Law, § 14, subd. [3]; cf. Sherwood v. American Bible Soc., 1 Keyes 561) and the court holds that this corporation has capacity to receive trust income. (General Corporation Law, § 14, subd. [3]; Decedent Estate Law, § 12; Sherwood v. American Bible Soc., supra; cf. Downing v. Marshall, 23 N. Y. 366; Decedent Estate Law, § 29; Matter of Hafner, 45 App. Div. 549. Contra: Matter of De Forest, 147 Misc. 82, supra; see Matter of Griffin, 167 N. Y. 71; minority opinion by Judge Gray.)
The attorney’s fee is fixed and allowed in the amount requested.
Submit decree on notice settling the account accordingly.