Saul S. Streit, J.
Plaintiff and defendants both move for summary judgment in this action for a declaratory judgment and for injunctive relief.
There is no dispute about the facts. The only questions presented are ones of law.
Defendant corporation’s principal asset is real property which has been leased for mining purposes until May 31, 1991. The company’s principal activity is the collection and distribution to the stockholders of the royalties accruing under the lease. *679 In order to avoid the. Federal corporate income tax, a plan of liquidation was approved by the board of directors, on September 22, 1959, which calls for the exchange of the corporate assets for trust certificates to be issued to the stockholders by the trustees of a trust to be created pursuant to the plan. The trustees are to receive and hold title to the property, collect the income under the lease, deduct taxes and expenses, and distribute the net income to the holders of the trust certificates. They are not to engage in any other business or acquire new properties or accumulate any income, or invest trust funds. The trust is to terminate on May 31, 1991, unless sooner terminated by vote of three fourths, in interest, of the trust beneficiaries. Upon the expiration of the trust in 1991, or upon its earlier termination, the trustees are to sell the trust property and distribute the proceeds to the holders of the trust certificates. This plan was approved by holders of more than two thirds of the outstanding capital stock.
Plaintiff corporation, suing on behalf of itself and all other stockholders of defendant corporation who are similarly situated, seeks a judgment declaring (1) that the proposed trust-agreement is invalid, and (2) that, even if valid, (a) the trust certificates are not freely transferable in the same manner as stock certificates, (b) the holders of the certificates would not enjoy the limited liability of corporate stockholders, and (e) the trust certificates may not legally be owned by corporate stockholders of defendant corporation.
The contention that the proposed trust is illegal under New York law is predicated upon the claim that it is not authorized by subdivision 3 of section 96 of the Beal Property Law, upon which defendants base their attempt to uphold its validity. Section 96 lists the “ purposes ” for which express trusts may be created. One of the permissible purposes is defined as follows in subdivision 3: “To receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto ”. Plaintiff concedes that the lives measuring the duration of a subdivision 3 trust need not be the lives of the beneficiaries (Stringer v. Young, 191 N. Y. 157). It is also established law that subdivision 3, .despite the words “to the use of any person”, authorizes trusts for the benefit of numerous beneficiaries (Schermerhorn v. Cotting, 131 N. Y. 48; Bailey v. Bailey, 97 N. Y. 460). Plaintiff’s argument is that a trust of realty, under subdivision 3, must be solely for the benefit of natural persons and that corporations have no capacity to become beneficiaries of a trust. In addition to plain *680 tiff corporation, there are two other corporate stockholders of defendant corporation.
The law generally is that business corporations may be beneficiaries of express trusts (2 Scott, Trusts [2d ed.], pp. 817-819; Restatement, Trusts [2d ed.], § 116, Comment c). Section 14 of the General Corporation Law of this State expressly authorizes (subd. 3) a corporation to acquire property by grant, gift, purchase, devise or bequest and to hold and dispose of same. “Property” is defined in section 38 of the General Construction Law to include real and personal property, and section 39 of the same statute defines “personal property” as including ‘ ‘ things in action ’ ’. In addition, section 18 of the Stock Corporation Law expressly provides that any stock corporation, domestic or foreign, may acquire, hold and dispose of “ choses in action”. The interest of a beneficiary of a New York real property trust is a chose in action and thus included within the property which a corporation may acquire, hold and dispose of under the New York statutes previously referred to. In Matter of Norton (7 Misc 2d 342) Surrogate Fbankexthaleb held that subdivision 3 of section 14 of the General Corporation Law authorized a business corporation to be the beneficiary of a trust in personalty. There is nothing in section 14 to indicate an intention to limit the property which corporations may acquire to strictly legal interests (i.e., legal title) and exclude equitable interests, such as trust certificates evidencing interests as cestuis of express trusts.
Plaintiff relies upon Matter of Palumbo (284 App. Div. 834); Matter of Norton (supra) ; Matter of De Forest (147 Misc. 82). The Palumbo case is not in point. In that case, as the opinion below (204 Misc. 852) indicates, no corporate beneficiary was involved. There is, it is true, language in Matter of De Forest, supra, to the effect that the beneficiaries of a section 96 of the Real Property Law trust must be human beings and that a corporation does not have capacity to become the beneficiary of a trust. The opinion, expressly recognizing that this conclusion is contrary to the views of text writers generally, is based upon three Court of Appeals decisions, viz.: Matter of Griffin (167 N. Y. 71, 78); Matter of Shattuck (193 N. Y. 446); Matter of Frasch (245 N. Y. 174, 183). In Matter of Griffin the court (p. 78) did make a statement that Round Lake Summer Institute, a corporation, was not given capacity to be a beneficiary of a trust, basing this conclusion upon Adams v. Perry (43 N. Y. 487). Examination of Adams v. Perry, the case relied upon, reveals that the court had declared that the trust for the benefit of the corporation there involved would have been valid at com *681 mon law, but was void as violative of the Buie against Perpetuities, because it was to endure for the life of the corporate beneficiary and would therefore be perpetual. The court did, it is true, state that the corporate beneficiary was not authorized to be the beneficiary of a trust by chapter 318 of the Laws of 1840, and chapter 261 of the Laws of 1841. These statutes, however, merely provided that a corporation could be the trustee of a trust and clearly did not relate to a corporation’s capacity to be a beneficiary of a trust. At the time the case was decided (1871) there was no statute in existence equivalent to section 18 of the present Stock Corporation Law, which authorizes a corporation to own ehoses in action, which, as already pointed out, include the rights of a cestui to enforce a trust. In the Griffin case (supra) the trust income was to be paid to Bound Lake Summer Institute, whose corporate life was perpetual, and it was, therefore, held to violate the Rule against Perpetuities. Although the court did rely upon Adams v. Perry (supra) for its statement that a corporation could not be the beneficiary of a trust, the changed statutory situation existing today renders Adams v. Perry obsolete. Even at the time of the Griffin decision (1901) there was no statute authorizing corporations to own ehoses in action (see L. 1892, ch. 688, § 40; Stock Corporation Law of 1909, § 52 enacted by L. 1909, ch. 61).
The other two cases cited in Matter of De Forest (147 Misc. 82, supra) are clearly not in point. In Matter of Shattuck (193 N. Y. 446, supra) the question before the court was whether a trust, otherwise invalid for indefiniteness and uncertainty of beneficiaries, was valid. The court held that under a 1893 statute such a trust was valid if charitable, but that the right of the trustees to include as beneficiaries profit-making institutions prevented the trust from being held to be a charitable trust. In Matter of Frasch (245 N. Y. 174, supra) the court was likewise dealing with a trust for indefinite and uncertain beneficiaries which could be held legal only if the beneficiaries were charitable and did not include profit-making corporations. The court did not hold that, in the case of a trust for definite and certain beneficiaries, a corporation lacked capacity to be one of the beneficiaries.
It is important to note that no claim is made in the case at bar that the proposed trust violates the Buie against Perpetuities. The trust is not for the life of a corporate beneficiary. It is to endure until 1991 or such earlier time as it is terminated, as permitted by the declaration of trust, by the votes of a specified number of certificate holders for the termination of the trust and the sale of the property. In view of this right to *682 terminate at any time, there is no invalid suspension of the power of alienation.
The statement in the De Forest case (supra) that a trust is invalid merely because a corporation is the beneficiary has been adversely criticised in Scott on Trusts ([2d ed.], vol. 2, § 117.1, p. 819): “It would seem, however, that this statement is too broad, and that unless the trust is otherwise invalid it should not fail merely because a corporation is the beneficiary ”.
In Matter of Norton (7 Misc 2d 342, supra) also relied upon by plaintiff, the actual holding was that a trust of personalty for the benefit of a corporation was valid, and that a corporation had capacity to be beneficiary of a trust in personalty pursuant to subdivision 3 of section 14 of the General Corporation Law. The dictum (p. 343) that subdivision 3 of section 96 of the Beal Property Law “ seemingly requires that beneficiaries of land trusts be natural persons ” (italics supplied) was based largely upon the language in the De Forest case (supra).
Matter of Judd (242 App. Div. 389), also cited by plaintiff, does not support the proposition that a corporation may not be the beneficiary of a trust which does not violate the Rule against Perpetuities.
In the court’s opinion, a real property trust which does not violate the Buie against Perpetuities, is not invalid merely because one or more of its beneficiaries may be business corporations. There appears to be no good reason for a contrary view, nor is such a view supported by decisions of our appellate courts which are predicated upon existing corporate statutes.
Attention should be called to the fact that although subdivision 3 of section 96 of the Beal Property Law refers to a trust to apply the rents and profits “ to the use of any person ”, the word “ person ” is defined in section 37 of the General Construction Law as including corporations. Nor is there valid justification for holding that the grant of capacity to corporations to acquire property (General Corporation Law, § 14, subd. 3) is limited to legal title and does not encompass equitable interests as eestuis or otherwise. This is especially true in view of the statutory authority to own choses in action (Stock Corporation Law, § 18).
The cases of Bryant v. Shaw (190 App. Div. 578) and Stanley v. Payne (65 Misc. 77) upon which plaintiff also bases its attack upon the validity of the proposed trust, likewise fail to support plaintiff. In the former, the receipt in which the defendant agreed to hold title for the convenience of the syndicate members did not create a trust but merely contemplated a future trust. Furthermore, since defendant was to erect a building as *683 well as account for the receipts, it would, even if it were a trust, not be authorized by subdivision 3 of section 96 or by any of the other subdivisions of that section. The Stanley case (supra) held that where the main object of a trust is to sell and the power to rent is incidental, the trust cannot be upheld as a trust to “ receive the rents and profits ” within the meaning of subdivision 3 of section 96. It was only because the court viewed the trust as having as its primary purpose the sale of the property, rather than the receipt of the rents and profits, that it regarded the trust as unauthorized by subdivision 3.
For the reasons indicated, the court holds that the proposed trust is valid under the laws of this State.
It further holds that corporations may become owners of the trust certificates.
Plaintiff also claims that our corporation laws do not authorize a dissolution involving the distribution to the stockholders of certificates evidencing beneficial interests in a trust which is to take the place of the corporation. It urges that subdivision 9 of section 105 of the Stock Corporation Law, which permits a dissolving corporation to distribute stock in a corporation which is to take the place of the dissolved corporation, is not broad enough to authorize distribution of certificates of interest in a trust which is to succeed the corporation in dissolution. Section 20 of the Stock Corporation Law, however, authorizes a stock corporation to “ exchange its property”, where such exchange is not in the regular course of business, with the consent of holders of two thirds of the outstanding shares of stock. It thus authorizes the transfer by the corporation of its property in exchange for the trust certificates which are to be issued to the stockholder's. The fact that this is done as part of a contemplated dissolution does not make section 20 inapplicable, and the rights to an appraisal given by that section to dissenting stockholders may be availed of by dissenters in such a case (Matter of Roehner v. Gracie Manor, 6 N Y 2d 280). The Appellate Division opinion in the Roehner case (6 A D 2d 580) indicates that appraisal was sought pursuant to section 20.
There is no basis at this time for a declaratory judgment (1) as to whether the holders, of trust certificates would not enjoy the same limited liability as stockholders of a corporation, or (2) as to whether the trust certificates would be as freely transferable as stock certificates. No controversy requiring the court to declare the rights of the parties as to said questions exists at this time. The questions are presently purely academic. Had such a declaratory judgment been sought in order to enable stockholders to decide whether or not to dissent from the pro *684 posed plan of liquidation and demand an appraisal and payment for their stock, the situation would be different. The plan was, however, approved by stockholders on November 19,1959, almost a year ago, and there is no showing’ that the time for stockholders to dissent and demand payment has not yet run (see Stock Corporation Law, § 20).
The motion and cross motion are granted to the extent of declaring that the proposed trust is valid and that the only remedy of dissenting stockholders is an appraisal pursuant to section 20. In other respects, the motion is denied.